IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANAND P. LALAJI, and <br> TEJAL A. LALAJI <br><br> Plaintiffs, <br><br> v. <br><br> Union Planters Bank, NA <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    CASE NO. 1:12-cv-00199-TCB <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S MOTION TO COMPEL ARBITRATION AND FOR STAY

Comes now Regions Bank, successor by merger to Union Planters Bank, NA ("Defendant"), by and through counsel, and pursuant to the Federal Arbitration Act at 9 U.S.C. § 1, et seq. and all other authority, hereby moves this Court to stay this action and require Plaintiffs to submit this dispute to arbitration. In support, Defendant respectfully shows this Court as follows:

**I.     STATEMENT OF FACTS**

**A.     The Subject Instruments Require Mandatory Arbitration**

Plaintiffs stake their claims against Defendant upon allege breaches of a Note (Exhibit "**1**") and Deed to Secure Debt (Exhibit "**2**"), to which both Plaintiffs and Defendant are signatories and parties. Each of these instruments contains a

contractual provision for binding arbitration.  The Note provides on page 5, paragraph 17 in relevant part as follows:

> Any controversy or claim arising out of or relating to this document or any transactions, events or contracts in any way relating to or arising from this document, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association (AAA) and judgment upon the award rendered by the arbitrator may be entered in any Court having jurisdiction thereof. …

Similarly, the Special Provision Rider to the Security Deed provides on page 4, paragraph q in relevant part as follows:

> Any controversy or claim arising out of or relating to this document or any transactions, events or contracts in any way relating to or arising from this document shall be settled by arbitration, in accordance with the Commercial Arbitration Rules of the American Arbitration Association (AAA) and judgment upon the award rendered by the arbitrator may be entered in any Court having jurisdiction thereof. …

Accordingly, Plaintiffs have agreed to submit any dispute "relating to" their "transaction" with Defendant (i.e. any events related to the loan) to arbitration.

## B. Counts I and II of Plaintiffs' Complaint Are Clearly Subject to Arbitration

Plaintiffs explicitly invoke the $1.04M loan (Complaint [#1-1] ¶ 4) which is evidenced by the Note, and the Security Deed (*Id.* ¶ 5).  Accordingly, these

instruments are central to Counts I and II of Plaintiffs' Complaint. Plaintiffs' first cause of action seeks to enjoin Defendant's power of sale contained in the Security Deed (*Id.* Count I). Plaintiffs' second cause of action seeks "cancellation" of Defendant's scheduled exercise of its power of sale contained in the Security Deed because of alleged failure to "timely deliver" a "foreclosure notice." (*Id.* Count II). Accordingly, Counts I and II of Plaintiffs' Complaint are clearly subject to arbitration.

### C. The FCRA Claim in Count III of Plaintiffs' Complaint Is Related to the Transactions Under the Note and Security Deed, and Subject to Arbitration

Plaintiffs' third cause of action claims a violation of the Fair Credit Reporting Act. (*Id.* Count III). While the FCRA claim might superficially seem outside the arbitration clause, a close inspection reveals the claim to be inextricably intertwined and inherently inseparable with an interpretation of the subject Note and a resolution of the underlying payment dispute. The vague basis pled for the FCRA claim is that "Plaintiff (sic) has not defaulted on said Loan" (*Id.* ¶ 9). The allegation leads the Plaintiffs to their conclusion that "Defendant has continuously and repeatedly provided incorrect information regarding Plaintiffs' loan to the three credit reporting bureaus." (*Id.* ¶ 23).

Upon information and belief, Defendant understands that Plaintiffs' contention that they are not in default may be predicated upon their belief that Defendant has applied certain payments inconsistently with the terms of the Note, including an allegation that Defendant should recognize some prepayments as "early" monthly payments. It is through this construction that Plaintiffs would then claim that Defendant was incorrect in informing credit reporting bureaus that Plaintiffs are not current. This claim is certainly "relat[ed] to" the Note, Security Deed, and to the "transactions" and "events" which are "relat[ed] to" the Note and Security Deed. The Note contains provisions to deal with the treatment of prepayments, and their effect on later monthly payment obligations. Accordingly, even the FCRA claim succeeds or fails based upon a resolution of the underlying instruments and dispute, and falls within the ambit of the arbitration clause.

**D.   Count IV of Plaintiffs' Complaint For Attorney's Fees Is Not Separately Arbitrable**

Count IV of Plaintiffs' Complaint for attorney's fees under O.C.G.A. § 13-6-11 is incorrectly denominated as a cause of action. This statute "does not create an independent cause of action" but "merely establishes the circumstances in which a plaintiff may recover the expenses of litigation as an additional element of his damages." *Brown v. Baker*, 197 Ga. App. 466, 398 SE2d 797 (1990). As it cannot

stand as a separate cause of action, its arbitrability need not be evaluated separately. Stated another way, the Court could not submit Counts I-III to arbitration, and permit Count IV to remain in this Court.

### E. Defendant Demanded Arbitration and Plaintiffs Have Failed and Refused to Arbitrate

Defendant demanded arbitration pursuant to these instruments in writing on January 20, 2012. (Exhibit "**3**"). The undersigned Defendant's counsel followed up by email on January 25, 2012 to inquire of Plaintiffs' counsel whether Plaintiffs would consent to arbitration. (Exhibit "**4**"). The undersigned Defendant's counsel telephoned Plaintiffs' counsel on January 26, 2012 to again inquire, and left a voicemail message. Despite all of these attempts, as of the signing of the brief, Plaintiffs have not commenced arbitration proceedings, or responded to the demand for arbitration. As of the signing of the brief, the undersigned Defendant's counsel has received no response to the January 25 email or January 26 voicemail.

Accordingly, there is a "failure, neglect, or refusal of [Plaintiffs] to arbitrate under a written agreement for arbitration" which requires Defendant to resort to petitioning this Court to stay this action and compel arbitration. See 9 U.S.C. § 4.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    The Arbitration Clause Should Be Enforced

Binding arbitration clauses in written agreements are enforceable in federal court. See Federal Arbitration Act at 9 U.S.C. § 1, et seq.  The federal substantive law of arbitrability is "applicable to any arbitration agreement within the coverage of the FAA." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir.2004) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444, (1985)).  The Court should give "a healthy regard for the federal policy favoring arbitration." *Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1253 (11th Cir.2009) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S.Ct. 1647, 1652, 114 L.Ed.2d 26 (1991)).  The Court should further "rigorously enforce agreements to arbitrate," *Klay*, 389 F.3d at 1200 (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985)).

Causes of action such as those asserted by Plaintiffs, which allege a breach of a note or security deed which contains an arbitration clause, may be compelled to arbitration. See, e.g. *Lawson v. Life of the South Ins. Co.*, 648 F.3d 1166 (11th Cir. 2011) (discussing *LaSonde v. CitiFinancial Mortg. Co.*, 273 Ga.App. 113, 614 S.E.2d 224 (2005) (arbitration compelled for claims which "staked their claim"

upon promissory note containing arbitration clause)).  Here, applying the policy favoring arbitration, and the clear written agreement to arbitrate this dispute, the action should be compelled to arbitration.

### B. A Stay of This Action is Mandatory

Section 3 of the Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall on application of one of the parties** stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).  Here, as set forth above, the issues in Plaintiffs' Complaint are "referable to arbitration under an agreement in writing for such arbitration."[1]  Defendant hereby applies for a stay of this action pursuant to 9 U.S.C. § 3, and respectfully submits that a stay is mandatory under the FAA.

---

[1] If there is any doubt as to whether the subjects of Plaintiffs' Complaint should be arbitrated, this decision should itself be submitted to arbitration.  See, e.g. *Allen v. Regions Bank*, Case No. 09-60705 (5th Cir. Aug. 11, 2010) (unpublished).

### III.   CONCLUSION

WHEREFORE Defendant prays that the Court stay this action, and require Plaintiffs initiate a claim within 30 days before the American Arbitration Association to be arbitrated in Atlanta Georgia under the Commercial Arbitration Rules or such other rules as the parties may agree, and order that if Plaintiffs do not so initiate the claim within 30 days or do not maintain the arbitration proceeding, that this action be DISMISSED with prejudice.

Respectfully submitted this 27th day of January, 2012

>  s/ James R. Fletcher II
>  James R. Fletcher II
>  Georgia Bar No. 232541
>  The Geheren Firm P.C.
>  4828 Ashford Dunwoody Rd. Ste 200
>  Dunwoody, GA 30338
>  Phone: (678) 587-9500
>  Fax: (678) 587-9098
>  Email: jfletcher@geherenlaw.com
>  *Attorney for Defendant*

### L.R. 7.1 CERTIFICATION & CERTIFICATE OF SERVICE

I hereby certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1 or, if type written, that the brief does not contain more than 10 characters per inch of type.  This document was prepared in Times New Roman 14 point font.

I hereby certify that on the date signed below, I electronically filed

**1. Defendant's Motion To Compel Arbitration And For Stay**

with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Joseph H. Turner Jr.
580 Cliftwood Ct. NE
Sandy Springs GA 30328
Phone: (770) 480-1939
Fax: (404) 935-0580

Respectfully submitted this 27th day of January, 2012

<div style="margin-left:3em">

s/ James R. Fletcher II
James R. Fletcher II
Georgia Bar No. 232541
The Geheren Firm P.C.
4828 Ashford Dunwoody Rd. Ste 200
Dunwoody, GA 30338
Phone: (678) 587-9500
Fax: (678) 587-9098
Email: jfletcher@geherenlaw.com
*Attorney for Defendant*

</div>