# Exhibit "1"

# NOTE
## (WITH LENDER OPTION TO ADJUST RATE AT 3 YEAR INTERVALS)

THIS NOTE PROVIDES FOR UP TO NINE CHANGES IN MY INTEREST RATE THAT MAY BE MADE AT THE EXCLUSIVE OPTION OF THE LENDER. THIS NOTE LIMITS THE MAXIMUM RATE I MUST PAY.

$ **1,040,000.00**                                                      Date : **May 25, 2005**

1. **BORROWER'S PROMISE TO PAY**

   For Value received, I (hereinafter, "Borrower", "I", or "My") promise to pay to the order of **Union Planters Bank, N A d/b/a Regions Mortgage** (the "Lender") at **Department 2520, P.O. Box 2153, Birmingham, AL 35287-2520** or such other place as may be designated in writing by the person entitled to collect, the original loan amount of **one million forty thousand and 00/100** (U.S $ (**1,040,000.00**) ) plus any increased amounts added in accordance with this Note (The total amount is called "principal"), plus interest  I understand that this Note may be transferred or assigned  Anyone who takes this Note by transfer or assignment and who is entitled to receive payments under this Note is also called the "Lender"

2. **INTEREST**

   Interest will be charged on the part of principal, which has not been paid  Unless otherwise agreed, interest will be charged beginning the date the funds are disbursed and continue until the full amount of principal has been paid. I will pay interest at a yearly rate of **six and one-quarter** percent ( **6.250%**). This rate is called the "Initial Rate of Interest " The rate of interest I will pay may change in accordance with this Note  The rate of interest required by this Note is the rate I will pay both before and after any default

3. **PAYMENTS**

   **A. Monthly**

   I will pay principal and interest by making payments every month  I will make my monthly payments on the **1st** day of each month beginning on **July, 2005**  I will make these payments every month until I have paid all the principal and interest and any other charges described below that I may owe under this Note  My monthly payments will be applied to interest before principal  The original maturity date of this loan shall be **June 1, 2035**. I acknowledge that the amount and the number of monthly payments originally determined or from time to time modified may not fully amortize the loan principal, and I agree at maturity to pay all unpaid principal and interest that may remain after the anticipated number of payments have been made

   **B. Amount of Monthly Payments**

   My monthly payments will be in the amount of U S $ **6,403.46**  This amount may change if the rate of interest that I must pay changes  The Lender will determine my new rate of interest and the changed amount of my monthly payment in accordance with this Note

4. **OPTIONAL INTEREST RATE AND MONTHLY PAYMENT CHANGES**

   The Lender may at its exclusive option change my interest rate and the resulting amount of my monthly payment on each Change Date (as defined below). If the Lender elects to exercise any of its options to change my interest rate and monthly payment on a Change Date, the Lender will give to me the Notice of Change as required by this Note  The Lender will in no event be obligated to exercise any of its options under this Note or to change my interest rate and monthly payment or to send me a notice if no change is made  If the Lender fails to give any Notice of Change for any one of the options, its right and option to change my interest rate and monthly payment will terminate as to that change date only, and my monthly payment will remain the same, unless I have been given an annual statement or other statement which discloses the new rate and I have made at least one payment after the date of said statement in which event the notice shall be deemed waived and I will pay at the new rate until the next change date  Failure to exercise an option to change the interest rate and monthly payment at one option date will not affect this right to change the interest rate and monthly payment at future dates  If the Lender elects to change my interest rate and monthly payment and gives me the Notice of Change, my interest rate and the amount of my monthly payment for the remainder of the term (or until next changed under the optional provisions) of this Note will be determined by the Lender in accordance with the provisions of this Note which follow.

   **A. Change Date**

   Beginning in **2008** the interest rate I will pay may change on the **1st** day of **June**, and on that date every thirty-six (36) months thereafter at the option of the Lender. Each date on which the rate of interest could change is called a "Change Date "

Anand P Lalaji
0896388672
CL - M/S PORTFOLIO ARM 3/3 NOTE

Page 1 of 5

Rev 01/03



### B. The "Index"

If the Lender elects to change my interest rate, then my new rate will be based on an index  The "Index" will be the Federal National Mortgage Association's required net yield for 30-year fixed rate (Actual/Actual) whole loans subject to a 60-day mandatory delivery commitment, as made available by the Federal National Mortgage Association  The most recently available index at the close of business as of the date 45 days before, but not including the Change Date, is called the "Current Index."

If the Index is no longer available, the Lender will choose a new index that is based upon substantially comparable information. The Lender will give me notice if it chooses another index.

### C. Calculation of Changes

Before any of the optional Change Dates, the Lender or its agent may calculate my new interest rate by adding **two** percentage point(s) ( **2.000**% )(the "Margin") to the Current Index  The Lender will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%)  Subject to the limits stated in this Note, this rounded amount will be my new interest rate until the next Change Date.

If a new interest rate is calculated, the Lender will then determine the amount of the monthly payment that should be sufficient to amortize the remaining principal balance over the remaining term  The result of this calculation will be the new amount of my monthly payment.

### D. Limits on Interest Rate Change

The yearly interest rate I am required to pay at any Change Date will not be greater than **twelve and one-quarter** percent (**12.250** %), which is called the "Maximum Rate."

### E. Effective Date of Change

My new interest rate will become effective on the Change Date  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date.

### F. Notice of Change

The Lender will give me a notice of any change in my interest rate and the amount of my monthly payment (the "Notice of Change") at least 25, but no more than 120, calendar days before the due date of the first monthly payment at the new amount

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to make payments of principal at any time before they are due if the loan is otherwise current  If the loan is not current, then the Lender may apply the payment to any past due amount  A payment of principal only is known as a "Prepayment"  When I make a prepayment, I will tell the Lender in writing that I am doing so  I may make a full prepayment or a partial prepayment without paying any penalty  The Lender will use all of my prepayments to reduce the amount of principal that I owe under this Note, if the loan is current  If I make a partial prepayment, there will be no delays in the due dates of my monthly payments unless the Lender agrees in writing to those delays, nor will there be any changes in subsequent monthly installments unless approved in writing by the Lender.

## 6. ANNUAL STATEMENT OF ACCOUNT

Lender will, if required by law, provide Borrower with an annual statement and accounting of all transactions and charges in conjunction with this loan in accordance with the Federal Real Estate Settlement Procedures Act. This statement and accounting may describe the application of all payments to principal, interest and escrow, and may disclose all fees charged and escrow transactions. The annual statement and accounting may also reconcile beginning and ending principal and escrow balances and may reflect the current interest rate. A separate annual statement will disclose the calculation of any adjustable interest rate changes at the time any rate changes apply  I agree to read the annual statements and accounting and immediately notify Lender of any discrepancies or of any calculation, which I believe to be incorrect

I agree that I shall have one year from the date of receipt of the annual statement and/or accounting to notify the Lender of any errors in or objections to any matters disclosed on the statement including, but not limited to, fees charged and the application of payments, including any calculation required of any adjustable interest rate used for the statement period

Unless I notify the Lender in writing of any errors or objections within one year from date of receipt of the statement and accounting or the adjustable interest rate calculation, then I agree that the unpaid principal and escrow balances presented in the statement and accounting shall be deemed to be correct and I agree that all further requirements for any and all corrections, including but not limited to interest rate calculations, shall be forever barred and waived

7. **ESCROW**

The Lender may require an escrow account for the payment of taxes, insurance and other recurring expenses relating to the Property of this loan. The Lender may, at any time, collect and hold funds in an amount not to exceed the maximum amount allowed by Real Estate Settlement Procedures Act of 1974, as amended from time to time, 12 U S C. Section 2601, et seq ("RESPA") or such lesser amount as may be required by other applicable law The Lender may estimate the amount of funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law  The Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law does not prohibit Lender from making such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless Lender agrees in writing to pay interest or applicable law requires interest to be paid, Lender shall not be obligated to pay interest or earnings on Funds  Borrower agrees that all escrow accounts are for the limited purpose of providing funds from which Lender may pay the costs of matters required to be paid by Borrower as part of the loan. Lender shall have a security interest in all escrow funds and may apply the escrow funds to the loan. Lender shall have no fiduciary duty with regard to any escrow account. By way of illustration and not by limitation, the Lender shall have no duty to pay any item for which funds are escrowed, no duty to inquire as to any bill presented for payment, no duty to contest any tax assessment, and no duty to procure any insurance. If Borrower fails to fulfill any loan requirement, then Borrower shall have breached the loan agreement and shall be in default, and without curing the default Lender may fulfill the requirement and charge Borrower's loan for all costs and may use any or all of the escrow funds and all costs shall be immediately due and payable by Borrower including replacement of any escrow funds used  If Lender elects to fulfill a loan requirement, then Lender shall have no duty to act for Borrower's benefit, no duty to shop for product or price, but to the contrary may deal with itself or any affiliated person, may receive fees, commissions, or other compensation, and may act in Lender's interest only or for the interest of both Borrower and Lender  When acting for the interest of Borrower, Lender shall have no duty to act in Borrower's best interest, but only to act reasonably  Borrower agrees that Lender's interest includes the full value of the collateral and not just the amount of the debt  Any waiver by Lender of the required escrow deposits may be revoked by Lender at its sole discretion upon notice to Borrower.

8. **LOAN CHARGES**

The Lender may collect fees for all loan services including but not limited to recording, copying, assumptions, modifications, partial releases, fax transmission services, any other fees or charges permitted by Government sponsored agencies such as FHA, VA, FNMA, FHLMC or GNMA, and any fees disclosed in Lender's or Servicer's fee schedule which may change from time to time  The Security Instrument may be canceled in any manner permitted by applicable law and Lender may charge borrower for all expenses of cancellation and may charge fees relating to cancellation.

9. **BORROWER'S FAILURE TO PAY AS REQUIRED**

   **A. Late Charge for Overdue Payments**

   If the Lender has not received the full amount of any monthly payment by the end of **fifteen** ( **15** ) calendar days after the date the payment is due, I will pay a late charge to the Lender  The amount of the charge will not exceed **five** percent (**5.000%**) of my overdue payment of principal and interest  I will pay this late charge only once on any late payment and this late charge shall be immediately due and payable without demand

   **B. Default**

   If I do not pay the full amount of each monthly payment on time, I will be in default  If I am in default, the Lender may require me to pay immediately the full amount of unpaid principal and all the interest that I owe on that amount. If the Lender did not require me to pay immediately in full, while I was in default, the Lender will still have the right at a later time to require full payment if I default again  I agree that if the Lender accepts partial payment, I shall still be in default and that Lender may refuse to accept partial payments at any time and that acceptance of a partial payment shall not waiver, alter, or amend Lender's rights. Any waiver by Lender of any payment shall not be a waiver of any other payment or of the terms of the Note, renewals, extensions, modifications or instruments securing it and any waiver by Lender of any other payment or terms of the loan must be in writing to be effective

   In the event of Borrower's default or insolvency, any moneys or other property at any time in the possession of the Lender belonging to any of the parties liable hereon to Lender, as well as any deposits, balance of deposits, or other sums at any time credited by or due from Lender to any said parties, may at all times, at the option of Lender, be held and treated as collateral security for the payment of this Note, whether or not due, and Lender, may at any time, at its option, set off the amount due, or to become due hereon, against any claim of any said parties against Lender

   It is agreed that time is of the essence, and in the event of the failure of the Borrower to do and perform any of the obligations of this Note and Security Instrument, the filing of a voluntary petition of bankruptcy by any borrower or the bringing of any insolvency proceedings against any borrower, then at the option of the Lender, the total debt shall then and thereby become due and payable.

### C. Payment of Lender's Costs and Expenses

If this loan is in default, then Borrower shall pay Lender all costs and expenses relating to the default, including but not limited to, inspection fees, appraisal and return check fees. If any action at law or in equity is brought with respect to this Note or the Security Instrument, then the Borrower shall pay Lender all costs and expenses of defending and preserving Lender's rights, including attorney's fees. If the Note and/or any renewals, extensions or modifications is placed in the hands of an attorney for collection, then the Borrower shall pay the Lender an attorney's fee of not less than 15% of the amount due, unless a different amount is required by applicable law, together with all other charges and expenses

## 10. GIVING OF NOTICES

All notices must be in writing. Unless applicable law requires a different method of giving notice, any notice that must be given to Borrower under this Note, renewals, extensions or modifications, if any, will be given by delivering it or by mailing it by first class mail addressed to Borrower at the property address or at a different address if Borrower has given the Lender a notice of different address. Any notice that must be given to the Lender under the Note, renewals, extensions or modifications, if any, will be given by mailing it by first class mail to the Lender at the address stated in the Note, renewals, extensions or modifications, if any, or at a different address if Borrower has been given notice of that different address.

## 11. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over the obligations under this Note or any person who takes over the obligations of a guarantor, surety, or endorser of this Note is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against some or all of us. This means that any one of us may be required to pay all the amounts owed under this Note

## 12. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice that amounts due have not been paid.

## 13. THIS NOTE SECURED BY A DEED OF TRUST, MORTGAGE OR SECURITY DEED

In addition to the protections given to the Lender under this Note, a Deed of Trust, Mortgage or Security Deed (the "Security Instrument") dated the same as this Note helps protect the Lender from losses which might result if I do not keep the promises which I make in this Note and reference to which Security Instrument is hereby made for all purposes. I understand that the Lender does not have to try to collect the money I owe from the property described in the Security Instrument, and the Lender can rely solely on this Note or on this Note and Security Instrument. I further understand that I will be liable for any deficiency that results if the property described in the Security Instrument does not satisfy the debt.

## 14. LIMITATIONS ON MY RIGHTS TO ASSIGN THIS LOAN

I understand that the terms of this loan have been granted to me based upon current market conditions and my personal financial statements, as well as other matters considered relevant by the Lender. Accordingly, in addition to the provisions of the Security Instrument, I agree that if I sell, lease, transfer, or convey the property described in the Security Instrument, which secures this loan, then the Lender may accelerate the entire indebtedness or at Lender's option may require (a) a change in the current Interest Rate, (b) a change in (or removal of) the limit on the amount of any interest rate change (if there is a limit), (c) a change in any margin to be used in determining future interest rates, (d) a charge of a transfer fee, and/or (e) such other reasonable modifications it deems in its best interest, or all or part of these, as a condition or conditions of Lender's waiving the option to accelerate

## 15. GOVERNING LAW

For purposes of perfecting and enforcing the security interest, the Security Instrument shall be governed by the laws of the state where the property is located. For all other purposes, the Security Instrument and this Note and all actions arising from or related to this loan shall be governed by the federal laws and regulations applicable to Lender and the laws of the state in which Lender is domiciled to the extent those state laws do not conflict with applicable federal law. Except as to foreclosure and possessory actions, all legal actions involving the Security Instrument and/or the loan secured thereby shall be brought and maintained only in a court of competent jurisdiction in the state of Lender's domicile or in a federal court in a state where the property is located. If, after the date hereof, enactment or expiration of applicable laws have the effect either of rendering the provisions of this Note, renewals, extensions or modifications, the Security Instrument or any Rider unenforceable according to their terms, or all or any part of the sums secured hereby uncollectible, or of diminishing the value of Lender's security, then Lender, at Lender's option, may declare all sums secured by the Security Instrument to be immediately due and payable. In such event, Borrower shall not have the right to reinstate. If Borrower contends that the loan terms violate any law or regulation, then Borrower agrees to notify the Lender and that the Lender may modify and/or adjust the loan to comply with applicable law; and if the Lender makes such modification and/or adjustment, then Borrower waives any and all other remedies and releases Lender from all consequential and punitive damages, if any. Borrower agrees that this loan has been entered into in good faith by Borrower and Lender without intent to violate any law or regulation

## 16. MODIFICATIONS TO LOAN

Without affecting my liability or the liability of any other person (except any person expressly released in writing) for payments of any indebtedness evidenced hereby or for performance of any obligation contained herein and without affecting the rights of the Lender with respect to any security not expressly released in writing, the Lender may at the request of any one or more persons who are obligated by this Note or the Security Instrument and, at any time and from time to time, either before or after the maturity of this Note, and without notice to or consent of any other persons, (a) release any person liable for payment of all or any part of the indebtedness or for performance of any obligation, (b) make any agreement extending the time or otherwise altering the terms of payment of all or any part of the indebtedness, or modifying or waiving any obligation, or subordinating, modifying, or otherwise dealing with the Security Instrument, (c) exercise or refrain from exercising or waive any right the Lender may have, (d) accept additional security of any kind; and (e) release or otherwise deal with any property, real or personal, securing the indebtedness, including all or any part of the property described in the Security Instrument.

## 17. ARBITRATION

Any controversy or claim arising out of or relating to this document or any transactions, events or contracts in any way relating to or arising from this document, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association (AAA) and judgment upon the award rendered by the arbitrator may be entered in any Court having jurisdiction thereof. If a separate Alternative Dispute Resolution Agreement and/or Arbitration Agreement now or hereafter exists between the Lender and any of the parties to this document which separate agreement would govern the dispute arising from or related to this Agreement, then all parties agree to be bound by the separate Alternative Dispute Resolution Agreement or Arbitration Agreement which shall totally supersede this arbitration provision  If the separate agreement is determined for any reason to be invalid or unenforceable, then this arbitration provision may be enforced by any party.

WITNESS the hand(s) of the undersigned

_____ 5/25/05  
**Anand P Lalaji**      Date

_____ 5/28/05  
**Tejal A Lalaji**      Date

_____  
Date

_____  
Date

_____  
Date

_____  
Date

5758 Legend Club Circle  
**Property Address**

Braselton, Georgia  
**City and State**

Page 5 of 5

Anand P Lalaji  
0896388672  
CL - M/S PORTFOLIO ARM 3/3 NOTE          Rev 01/03

# SIGNATURE/NAME AFFIDAVIT

Date  **May 25, 2005**

Loan #  **0896388672**

Borrower  **Anand P Lalaji**

THIS IS TO CERTIFY THAT MY LEGAL SIGNATURE IS AS WRITTEN AND TYPED BELOW
(This signature must <u>exactly</u> match signatures on the Note and Mortgage or Deed of Trust )

**Anand P Lalaji**
Name

I hereby certify that I am one and the same person as
Anand Lalaji

as set forth in all loan documents relative to the purchase of the home located at
**5758 Legend Club Circle
Braselton, GA  30517**

_____   5/25/05
Signature                                                                    Date

State/Commonwealth of   Georgia
County/Parish of               Gwinnett

Subscribed and sworn before me

this 25th day of , May, 2005

Notary Public in and for
The State/Commonwealth of
County/Parish of
My Commission Expires:

[Notary Seal: BENJAMIN G BAKER, MY COMMISSION EXPIRES OCT 3 2007, GWINNETT COUNTY, GA, NOTARY PUBLIC]

Anand P Lalaji
0896388672
CL - M/S SIGNATURE/NAME AFFIDAVIT              Rev 05/02



# SIGNATURE/NAME AFFIDAVIT

Date: **May 25, 2005**

Loan # **0896388672**

Borrower: **Tejal A Lalaji**

THIS IS TO CERTIFY THAT MY LEGAL SIGNATURE IS AS WRITTEN AND TYPED BELOW.
(This signature must <u>exactly</u> match signatures on the Note and Mortgage or Deed of Trust )


**Tejal A Lalaji**
Name


I hereby certify that I am one and the same person as

    Tejal Lalaji


as set forth in all loan documents relative to the purchase of the home located at.
**5758 Legend Club Circle ,
Braselton, GA  30517**


_____   5/25/05
Signature                                                                 Date

State/Commonwealth of     Georgia
County/Parish of                Gwinnett

Subscribed and sworn before me
   25th          May, 2005
this  day of  ,

_____
Notary Public in and for
The State/Commonwealth of
**County/Parish of**
**My Commission Expires:**

Anand P Lalaji
0896388672
CL - M/S SIGNATURE/NAME AFFIDAVIT          Rev 05/02

